# **EXHIBIT A**

 **CT Corporation**

**Service of Process Transmittal**
06/25/2013
CT Log Number 522995598

**TO:** Kevin Clunis
Colgate Palmolive Company
300 Park Avenue
New York, NY 10022-7499

**RE:** Process Served in Massachusetts

**FOR:** Colgate-Palmolive Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Amy Warburton, Pltf. vs. Colgate-Palmolive Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Statement, Complaint |
| **COURT/AGENCY:** | Norfolk County District Court - Quincy, Norfolk County, MA<br>Case # 13CC954 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Implied Warranty |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/25/2013 at 14:45 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days, exclusive of the day of service - Summons // Within 5 days, thereof - File answer with the Clerk of Courts |
| **ATTORNEY(S) / SENDER(S):** | James J. Heggie<br>2001 Marina Drive, Suite 516<br>Quincy, MA 02171<br>617-842-2175 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 796098803624<br>Image SOP<br>Email Notification, Betsy Fishbone betsy_fishbone@colpal.com<br>Email Notification, Raquel Davis Raquel_Davis@colpal.com<br>Email Notification, Marian Gaskin-Gordon Marian_Gaskin-Gordon@colpal.com<br>Email Notification, Lisa Mather Lisa_Mather@colpal.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dahrlena Mitchell |
| **ADDRESS:** | 155 Federal Street<br>Suite 700<br>Boston, MA 02110 |
| **TELEPHONE:** | 617-757-6404 |

Page 1 of 1 / DD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Commonwealth of Massachusetts

## TRIAL COURT OF THE COMMONWEALTH
### DISTRICT COURT DEPARTMENT — QUINCY DIVISION
Dennis F. Ryan Parkway, Quincy, MA 02169
Telephone 471-1650

NORFOLK, SS.

Civil Action No. **13CV954**

## SUMMONS
(Rule 4)

To defendant **Colgate-Palmolive** (name) of **300 Park Avenue, NY, NY** (address):

You are hereby summoned and required to serve upon **James Heggie** (FBI4), plaintiff's attorney, whose address is **2001 Marina Drive Quincy, MA 02171**, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk-Magistrate of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS **MARK S. COVEN**, Presiding Justice, on _____.

(SEAL)

_____
Clerk · Magistrate

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk-Magistrate at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On **James Heggie (6/21/13)** (date of service) I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

_on mark_

_____
(signature)
**James Heggie Attorney**
(name and title)
**2001 Marina Drive, #516**
(address)
**Quincy, MA 02171**

A true copy Attest:
John Cotter
6/25/13
Deputy Sheriff Suffolk County

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4 (f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A (a) | Docket No.: 13CV954<br>Division: Quincy District Court | Trial Court of Massachusetts<br>District Court Department  |
|---|---|---|
| Plaintiff(s)<br>AMY WARBURTON | | Defendant(s)<br>COLGATE-PALMOLIVE COMPANY |

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
|    1. Total hospital expenses: | $ 1,900.00 |
|    2. Total doctor expenses: | $ |
|    3. Total chiropractic expenses: | $ |
|    4. Total physical therapy expenses: | $ |
|    5. Total other expenses (Describe): | $ 1000/WORK |
| B. **SUBTOTAL for lines 1-5 above:** | $ |
| C. Documented lost wages and compensation to date: | $ |
| D. Documented property damages to date: | $ |
| E. Reasonable anticipated future medical and hospital expenses: | $ |
| F. Reasonably anticipated lost wages: | $ |
| G. Other documented items of damage (Describe): | $ 22,000.00 |
| For this form, disregard double or treble damage claims, indicate single damages only. | |
| **TOTAL TORT CLAIMS for lines B-G above:** | $ 24,9000.00 |

H. Brief description of Plaintiff's Injury, including nature and extent of injury (Describe):
SUBSTANTIAL INJURY FROM PRODUCT OF DEFENDANT'S PLEASE SEE ATTACHED COMPLAINT

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): | $<br>$<br>$ |
| For this form, disregard double or treble damage claims; indicate single damages only. | |
| **TOTAL CONTRACT CLAIMS:** | $ |

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS & PHONE: |
|---|---|
| Signature: [signature]<br>Type Name: JAMES J. HEGGIE<br>Address: 2001 MARINA DRIVE, SUITE 516, QUINCY, MA<br>Phone: 6178422175<br>B.B.O.#: 659244<br>Date: JUNE 3, 2013 | COLGATE-PALMOLIVE COMPANY<br>300 PARK AVENUE NY, NY 10022 |

08/06

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                                             QUINCY DISTRICT COURT

DOCKET NO.: 13CC954

| | |
|---|---|
| AMY WARBURTON )<br>   Plaintiff         )<br>                     )<br>v.                  )         COMPLAINT<br>                     )<br>COLGATE-PALMOLIVE COMPANY )<br>   Defendant     )<br>                     ) | |

## PARTIES

1. The plaintiff Amy Warburton is a natural person and resides 44 Green Lodge Street in Canton, MA, 02021.

2. The defendant Colgate-Palmolive Company (hereinafter "Colgate") is a foreign corporation with an address of 300 Park Avenue in New York, New York 10022. The product in question contained a label with the defendant's registered name.

## FACTS AND RELEVANT ISSUES

3. Amy Warburton would be considered a consumer as defined pursuant to Massachusetts law, rule and regulation.

4. Colgate would be a merchant in regards to the goods involved and would be expected to have specialized knowledge or skill peculiar to toothpaste.

5. The plaintiff purchased the product, "Colgate Max Fresh" which reads on the label that said product was manufactured by Colgate- Palmolive.

6. The plaintiff used the product as it was intended to be used as she brushed her teeth with said product in the morning on July 22, 2012.

7. The plaintiff suffered a severe allergic reaction to the defendant's product, "Colgate Max Fresh", in her automobile on her commute to work on July 22, 2012.

8. At her place of employment she was rushed to the emergency room based on the severe allergic reaction.

9. The plaintiff was on medicine for seven days from this allergic reaction and continues to be monitored regarding this issue.

10. On August 3, 2012 Doctor Platt specifically told the plaintiff that the allergic reaction was caused from the use of the toothpaste "Colgate Max Fresh" and informed her that another allergic reaction may be life threatening.

11. The plaintiff has a severe fear and anxiety each morning while brushing her teeth and this has substantially affected her life.

## COUNT I- Massachusetts General Law 93A

12. Plaintiff repeats and realleges and reincorporates by reference all the allegations set forth paragraphs 1 through 11 of the Complaint as if fully set forth therein.

13. Plaintiff bring claims for violations of Mass. Gen. L. ch. 93A against the defendant Colgate for unfair acts and practices, including but not limited to:

   a. Employing unfair and deceptive practices by failing to provide the required notices and warnings to the plaintiff.

   b. Knowingly and willingly failing to comply with the required notices and warnings to the plaintiff.

14. The actions of the named defendants and the representatives were willful, knowing and would be considered a violation within the meaning of Mass. gen. L. ch. 93A.

15. The plaintiff was injured and suffered damages by virtue of the violations.

16. A demand letter was sent to the named defendants in this action.

17. As a result of the actions of the defendant the plaintiff suffered losses, damages, and emotional distress.

## COUNT II: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

18. Plaintiff repeats and realleges and reincorporates by reference all the allegations set forth in paragraphs 1 through 11 of the Complaint as if fully set forth therein.

19. Defendant Colgate is a merchant and the product, "Colgate Max Fresh" was purchased by the plaintiff and used as the product was intended to be used. The product states on the label that it was manufactured by Colgate.

20. It was foreseeable that a consumer, such as Amy Warburton, would purchase and use the product "Colgate Max Fresh".

21. The product, "Colgate Max Fresh", was defective and unreasonably dangerous to the plaintiff and was the cause of a serious allergic reaction suffered by the plaintiff.

22. The plaintiff had no notice or warning that the ingredients in the "Colgate Max Fresh" would cause her a serious allergic reaction and it was medically determined that the use did, in fact, cause the allergic reaction.

## COUNT III- NEGLIGENCE

23. Plaintiff repeats and realleges and reincorporates by reference all the allegations set forth in paragraphs 1 through 11 of the Complaint as if fully set forth therein.

24. Defendant Colgate was under an affirmative duty pursuant to State and Federal law, rule, and regulation to exercise reasonable care in the condition of the product "Colgate Max Fresh" to assure that said product was safe to the consumers who purchased said product.

25. Defendant Colgate by and through its own negligence failed to fulfill this obligation.

26. The failure of the defendant Colgate to carry out its obligations would foreseeably lead to the consequence of the plaintiff having an allergic reaction.

27. Defendant Colgate breached this duty as stated in the facts of this action and through their own negligence.

28. The Plaintiff suffered and will suffer substantial damages in direct relation to the acts of defendant.

### COUNT IV- Intentional and/or Negligent Infliction of Emotional Distress

29. The plaintiff in this action repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 11 of the Complaint as if fully set forth therein.

30. The defendant exhibited extreme and outrageous behavior by failing to give notice or warn the plaintiff of potential life threatening issues associated with the product "Colgate Max Fresh".

31. The actions of the defendant, Colgate, was willful or knowing.

32. Amy Warburton was injured and suffered damages by virtue of the violations.

33. As a result of the actions of the defendant, Colgate, Amy Warburton suffered loss, damages, emotional distress.

### PRAYERS FOR RELIEF

WHEREFORE, Amy Warburton respectfully requests the Court to award the following relief:

A. Damages based on the numbered paragraphs of the Complaint.

B. Punitive damages for the conduct of the Defendant.

C. Consequential damages resulting from the actions of the defendant.

D. Award any and all relief under M.G.L. 93A and Triple Damages pursuant to M.G.L. 93A.

E. Such other forms of relief and damages as this Court deems just and proper.

F.  The costs of this action and any damage or costs specifically related to the issues associated with this action.

G.  Reasonable attorney fees as determined by a reasonable accounting at the conclusion of this action.

Respectfully submitted,

For Plaintiff Amy Warburton.,

_____
James J. Heggie
2001 Marina Drive, Suite 516
Quincy, MA
Tel. 617-842-2175
james.heggie@fac.quincycollege.edu

June 3, 2013